# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ABIOMED, INC. and ABIOMED EUROPE GmbH, <br><br> Plaintiffs, <br><br> v. <br><br> ENMODES GmbH and TIM KAUFMANN, <br><br> Defendants. | Case No. 1:23-cv-10087 |

## NOTICE OF REMOVAL

In accordance with 28 U.S.C. §§ 1331, 1441, and 1446, and 18 U.S.C. § 1836(c), Defendants Enmodes GmbH and Tim Kaufmann (hereinafter collectively, "Defendants"), hereby jointly remove the state court action styled *Abiomed, Inc. and Abiomed Europe GmbH v. Enmodes GmbH and Tim Kaufmann*, Case No. 2277CV00995A, filed in Essex County Superior Court, to the United States District Court for the District of Massachusetts. Removal is warranted under 28 U.S.C. § 1441 because this Court has original jurisdiction over certain of Plaintiffs' claims pursuant to 28 U.S.C. § 1331 and 18 U.S.C. § 1836(c), with supplemental jurisdiction over any remaining claims pursuant to 28 U.S.C. § 1367. In support of this Notice of Removal, Defendants state as follows:

## BACKGROUND

1.  On October 17, 2022, Plaintiffs Abiomed, Inc. and Abiomed Europe GmbH (hereinafter collectively, "Plaintiffs") filed a Complaint (hereinafter, "Complaint") in Essex County Superior Court titled *Abiomed, Inc. and Abiomed Europe GmbH v. Enmodes GmbH and Tim Kaufmann*, Case No. 2277CV00995A. A true and accurate copy of the redacted Complaint is attached hereto

as Exhibit 1.[1]

2.  Defendants were each served with a copy of the original complaint and summons in this

action on December 15, 2022.

## VENUE

3.  This action was originally filed in Essex County Superior Court.  As such, venue lies in

the District of Massachusetts under 28 U.S.C. §§ 1441(a) and 1446(a).

## BASES FOR REMOVAL

### Federal Question Jurisdiction

4.  This action is removable to this Court under 28 U.S.C. § 1441(a) because it is a civil

action involving claims over which this Court has original jurisdiction under 28 U.S.C. § 1331

and 18 U.S.C. § 1836(c).

5.  Plaintiffs allege that Defendants disclosed confidential information to a third party in

violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836 et seq. (hereinafter, "DTSA").  Ex.

1, Compl. at ¶¶ 198-207.

6.  Federal district courts have original subject matter jurisdiction of "all civil actions arising

under the Constitution, laws or treaties of the United States."  28 U.S.C. § 1331.  As Plaintiffs

bring the State Court action and putatively seek remedies and damages pursuant to the DTSA,

this Court has original jurisdiction over the matter pursuant to both 28 U.S.C § 1331 and 18

---

[1] Consistent with the Order allowing Plaintiffs' Ex Parte Motion to Impound Portions of
Plaintiffs' Complaint, filed in Essex County Superior Court on October 20, 2022 and allowed
the same day, Defendants have attached a redacted copy of Plaintiffs' Complaint. *See* Order on
Plaintiffs' Ex Parte Motion to Impound Portions of Plaintiffs' Complaint, attached hereto as
Exhibit 2.

U.S.C. § 1836(c), and the State Court action may be removed to this Court pursuant to 28 U.S.C. § 1441.

7.   To the extent that the operative complaint asserts statutory, state common law, or other non-federal claims, this Court also has supplemental jurisdiction over any such claims under 28 U.S.C. § 1367 because those claims arise out of the same operative facts as Plaintiffs' claims under federal law and "form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).

**COMPLIANCE WITH PROCEDURAL REQUIREMENTS FOR REMOVAL**

1.   Pursuant to 28 U.S.C. § 1446(b)(1), this Notice of Removal is timely because it is filed less than thirty (30) days "after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based …" 28 U.S.C. § 1446(b)(1).

2.   Consistent with 28 U.S.C. § 1446(a), Defendants provide this Notice of Removal, which provides the requisite "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a).

3.   Likewise consistent with 28 U.S.C. § 1446(a), the docket sheet and copies of all process, pleadings, and orders from the state court action being removed to this Court that Defendants have received, and which are presently in the possession of Defendants, are attached hereto as Exhibits 3 and 4.  28 U.S.C. § 1446(a).

4.   Pursuant to 28 U.S.C. § 1446(a), and L.R. 81.1, within 28 days after filing this Notice of Removal, Defendants will file certified or attested copies of all records and proceedings in the state court and a certified or attested copy of all docket entries in the state court, including all

pleadings, motions, orders, and other filings, organized in chronological order by the state court filing date.

5.   Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal, with all exhibits, will be promptly served upon Plaintiffs, and a copy of this Notice of Removal, with all exhibits, will be promptly filed with the Clerk of Essex County Superior Court.

6.   This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11, as required by 28 U.S.C. § 1446(a).

7.   Also filed with this Notice of Removal is the Civil Cover Sheet and the Civil Category Sheet.

### NON-WAIVER OF DEFENSES

8.   In the filing of this Notice of Removal, Defendants do not admit any of the allegations in Plaintiffs' Complaint.

9.   Defendants do not waive, and expressly reserve, all objections and defenses available under Federal Rules of Civil Procedure Rule 12(b) and any other rules applicable to this cause of action, including without limitation any challenges to personal jurisdiction.

10.   Defendants reserve the right to amend or supplement this Notice of Removal.

11.   If any question arises as to the propriety of the removal of this action, Defendants request the opportunity to brief any disputed issues and to present oral argument in support of their position that this action is properly removable.

### JURY DEMAND

12.   Defendants hereby demand a jury trial on all issues so triable.

**WHEREFORE**, based upon the foregoing, Defendants respectfully give notice that this

- 4 -

action is properly removed from Essex County Superior Court to the United States District Court

for the District of Massachusetts for all further proceedings.

Respectfully submitted,

DATED: January 13, 2023

DEFENDANTS ENMODES GmbH
and TIM KAUFMANN

By their attorney,

ICE MILLER LLP

/s/ Carolyn E. Riggs
Carolyn E. Riggs, BBO# 685401
One American Square
Suite 2900
Indianapolis, IN  46282-0200
(317) 236-2100
carolyn.riggs@icemiller.com

- 5 -

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on January 13, 2023, I caused a true and correct copy of the foregoing *Notice of Removal*, with all exhibits, to be electronically filed with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants in the above-captioned matter.

I further certify that I sent the foregoing document, with all exhibits, and the notice of electronic filing by e-mail and first class U.S. Mail to:

Joseph Stanganelli
Barclay Damon LLP
160 Federal Street, Suite 1001
Boston, MA 02110
jstanganelli@barclaydamon.com

Keith R. Hummel
Benjamin Gruenstein
Retley G. Locke, Jr.
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
khummel@cravath.com
bgruenstein@cravath.com
rlocke@cravath.com

                                          */s/ Carolyn E. Riggs*____
                                          Carolyn E. Riggs

ICE MILLER LLP
One American Square
Suite 2900
Indianapolis, IN  46282-0200
(317) 236-2100
carolyn.riggs@icemiller.com