UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ABIOMED, INC. and ABIOMED EUROPE GmbH, <br><br> Plaintiffs, <br><br> v. <br><br> ENMODES GmbH and TIM KAUFMANN, <br><br> Defendants. | Case No. 1:23-cv-10087 |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION FOR LEAVE TO CONDUCT DISCOVERY
<u>LIMITED TO THE ISSUE OF PERSONAL JURISDICTION</u>**

## TABLE OF CONTENTS

Table of Authorities ................................................................................................................... ii
Introduction ..................................................................................................................................1
Legal Standard .............................................................................................................................1
Argument ......................................................................................................................................2
    I.    Abiomed Has Alleged More Than a Colorable Case for the Exercise of Specific Personal Jurisdiction ................................................................................................2
    II.    Jurisdictional Discovery Would Allow Abiomed to Supplement the Factual Basis Supporting the Court's Personal Jurisdiction over Defendants ...............................4
Conclusion ....................................................................................................................................6

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Blair v. City of Worcester*,
    522 F.3d 105 (1st Cir. 2008) ................................................................................................. 1, 4

*C.W. Downer & Co. v. Bioriginal Food & Sci. Corp.*,
    771 F.3d 59 (1st Cir. 2014) ...................................................................................................... 3

*Dynamic Image Technologies, Inc. v. United States*,
    221 F.3d 34 (1st Cir. 2000) ....................................................................................................... 1

*Foster-Miller, Inc. v. Babcock & Wilcox Canada*,
    46 F.3d 138 (1st Cir. 1995) ....................................................................................................... 4

*Keeton v. Hustler Magazine, Inc.*,
    465 U.S. 770 (1984) ................................................................................................................. 3

*United States v. Swiss American Bank, Ltd.*,
    274 F.3d 610 (1st Cir. 2001) ................................................................................................. 1, 4

**Statutes & Rules**

M.G.L.A. c. 223A § 3 ................................................................................................................ 2, 3, 5

**INTRODUCTION**

Plaintiffs Abiomed, Inc. and Abiomed Europe GmbH (collectively, "Abiomed") respectfully submit this memorandum of law in support of their Motion for Leave to Conduct Discovery Limited to the Issue of Personal Jurisdiction. On the record now before this Court, Abiomed has proffered facts to show Defendants Enmodes GmbH ("Enmodes") and Tim Kaufmann ("Kaufmann") (collectively, "Defendants") are amenable to suit in Massachusetts. (Abiomed's Opposition to Defendant's Motion to Dismiss ("Opposition"), ECF No. 26.) If, after consideration of Abiomed's Opposition, any doubts remain that the exercise of jurisdiction over Defendants is proper, Abiomed respectfully requests that this Court grant its motion for leave to conduct jurisdictional discovery in advance of deciding Defendants' Motion to Dismiss.

**LEGAL STANDARD**

In the First Circuit, "a diligent plaintiff. . . who makes out a colorable case for the existence of *in personam* jurisdiction *may* well be entitled to a modicum of jurisdictional discovery". *United States v. Swiss Am. Bank, Ltd.*, 274 F.3d 610, 625 (1st Cir. 2001). While the "colorable" standard requires "some showing that discovery is needed or likely to be useful", "that showing is significantly lower than the prima facie showing of jurisdiction". *Id.* at 637 (internal quotations omitted); *see also Blair v. City of Worcester*, 522 F.3d 105, 111 (1st Cir. 2008) ("[T]he threshold showing that a plaintiff must present to the district court to merit limited discovery is relatively low."). In considering a request for jurisdictional discovery, courts ask "whether the [plaintiff]'s showing of minimum contacts falls so far short that discovery is 'unnecessary (or, at least, is unlikely to be useful) in regard to establishing the essential jurisdictional facts'". *Swiss Am. Bank*, 274 F.3d at 637 (quoting *Dynamic Image Techs., Inc. v. United States*, 221 F.3d 34, 38 (1st Cir. 2000)).

1

**ARGUMENT**

I. **ABIOMED HAS ALLEGED MORE THAN A COLORABLE CASE FOR THE EXERCISE OF SPECIFIC PERSONAL JURISDICTION**

As set forth more fully in Abiomed's Opposition, Abiomed's Complaint alleges adequate facts to establish minimum contacts as to Defendants Kaufmann and Enmodes.

*First*, Defendants' contacts with the Commonwealth satisfy the Massachusetts Long Arm Statute. (*See* Opposition § I.A.) Defendants transacted business in the Commonwealth within the meaning of M.G.L.A. c. 223A § 3(a), including by (1) engaging in substantial negotiations and solicitation of business by email, telephone and videoconference with Abiomed employees working at its Danvers headquarters (Compl. ¶¶ 12, 61, 63–64, 74–76); (2) visiting, by and through Kaufmann, Abiomed in Danvers (Compl. ¶ 64); and (3) delivering work product, pursuant to the parties' Statement of Work ("SOW"), to employees in the Commonwealth (Compl. ¶ 119).

*Second*, Defendants caused injury in the Commonwealth, arising from their engaging in and soliciting business in the Commonwealth and deriving substantial revenue from the Commonwealth. M.G.L.A. c. 223A, § 3(d). As detailed in the Complaint and Opposition, Kaufmann, on behalf of Enmodes, negotiated contracts with Abiomed in Massachusetts over the course of several years. Defendants' fraudulent misrepresentations—made to Abiomed, Inc. representatives working from Abiomed's Danvers, MA headquarters—induced Abiomed to enter the CSA, allowed Kaufmann and Enmodes to access Abiomed's confidential and trade secret information from Abiomed's U.S. servers, and ultimately, enabled Defendants to exploit those trade secrets improperly for personal gain and to Abiomed, Inc.'s detriment. (*See* Compl. ¶¶ 75, 76, 80, 82, 84, 85, 121–130; Opposition § I.B.) Defendants' conduct also constitutes a material breach of the SOW and CSA. (*See id; see also* Compl. ¶¶ 69–71.)

*Third,* Defendant Enmodes, by and through its agent Kaufmann, contracted to supply services in the Commonwealth.  M.G.L.A. c. 223A, § 3(b).  Under the SOW, Massachusetts was the place where the services or things were to be supplied, *see Sarno v. Fla. E. Coast Ry.*, 327 F. Supp. 506, 507 (D. Mass. 1971), and indeed, Enmodes delivered the fruits of its labors to Abiomed, Inc. (*see* Compl. ¶ 119).  The SOW provided the means by which Enmodes gained access to Abiomed, Inc.-owned trade secrets and confidential information, which they subsequently misappropriated for personal gain.  (*See generally* Opposition at § I.C.)

In addition to satisfying the Long-Arm Statute, Defendants' conduct satisfies the constitutional due process requirements of relatedness, purposeful availment and fairness.  (*See* Opposition at § II.)  Each of Plaintiffs' claims directly arises out of, or relates to, Defendants' activities in the Commonwealth:  engaging in fraudulent or deceitful conduct to procure contracts, and stealing propriety trade secret information learned during performance of those contracts to assist or create competing entities in China.  The allegations in the Complaint demonstrate that the Defendants' contacts with Massachusetts were not "random, isolated, or fortuitous".  *Cf. Keeton v. Hustler Mag., Inc.*, 465 U.S. 770, 774 (1984).  Rather, they reflect a calculated, intentional scheme to steal confidential information from Abiomed.  The contacts were voluntary, often initiated by Kaufmann himself.  Being haled to court in the state of Enmodes' primary business partner is entirely foreseeable.  Finally, the balance of the so-called "Gestalt factors", *see, e.g.*, *C.W. Downer & Co. v. Bioriginal Food & Sci. Corp.*, 771 F.3d 59, 69 (1st Cir. 2014), weighs in favor of Abiomed.  Specifically, Defendants will experience no especial or unusual burden, and Massachusetts has a specific and important interest in providing a forum for redress of harms visited upon domestic companies by foreign entities.

Taken together, Abiomed respectfully submits that these allegations are sufficient to

satisfy the *prima facie* standard for personal jurisdiction.  *See Foster-Miller, Inc. v. Babcock & Wilcox Can.*, 46 F.3d 138, 145 (1st Cir. 1995) (*prima facie* approach permits court to consider "only whether the plaintiff has proffered evidence that, if credited, is enough to support findings of all facts essential to personal jurisdiction").  That said, the facts outlined in Abiomed's Opposition at a minimum satisfy the "colorable" standard endorsed by the First Circuit, and thus for the reasons discussed in the next section, limited jurisdictional discovery is appropriate. *Swiss Am. Bank*, 274 F.3d at 637.

## II.     JURISDICTIONAL DISCOVERY WOULD ALLOW ABIOMED TO SUPPLEMENT THE FACTUAL BASIS SUPPORTING THE COURT'S PERSONAL JURISDICTION OVER DEFENDANTS

"Where a plaintiff can demonstrate the existence of a plausible factual disagreement or ambiguity, [this District's] jurisprudence favors permitting the litigants the opportunity to flesh out the record." *Blair*, 522 F.3d at 111.  To the extent that a question remains whether the prima facie standard for resolving personal jurisdictional disputes is satisfied by the allegations in the Complaint and Opposition, Plaintiffs submit that narrowly tailored discovery from Defendants would help resolve certain underlying factual disputes and aid in resolving the Motion to Dismiss.

An outstanding question of fact remains as to the full nature and scope of Defendants' efforts to solicit business from Abiomed in the Commonwealth.  Documents and communications prepared contemporaneously with Defendants' (ultimately successful) efforts to partner with Abiomed and obtain access to its confidential information (*e.g.*, internal communications and documents prepared to plan for meetings; conferences or solicitations of Abiomed's business; and documents memorializing efforts to cultivate a relationship with Abiomed) may solidify this court's understanding of Defendants' transaction of business in the

4

Commonwealth, persistent course of conduct in the Commonwealth, and purposeful availment of this forum.  M.G.L.A. c. 223A §§ 3(a), 3(d).

Another factual issue to be resolved is the extent to which Kaufmann and Enmodes "derive[d] substantial revenue from goods used or consumed or services rendered" in the Commonwealth.  M.G.L.A. c. 223A § 3(d).  As alleged in the Complaint, Enmodes was paid millions of dollars under the SOW.  (Compl. ¶¶ 77–78.)  Limited discovery into the share of Enmodes' revenue that was derived from its work under the SOW—the same work that Enmodes used as a ploy to obtain and misappropriate Abiomed's trade secrets—may help to solidify the factual basis for the exercise of jurisdiction under this section of the long-arm statute.

The nature of, origins of, list of complete participants in and ultimate mechanics of Defendants' scheme to forge a relationship with Abiomed and misappropriate its confidential information are only partially known by Abiomed.  Abiomed submits that this scheme constitutes a persistent course of conduct within the Commonwealth, giving rise to injury (*i.e.*, harm to Abiomed from the unauthorized disclosure of its trade secrets).  M.G.L.A. c. 223A, § 3(d).  Documents, communications and depositions would reveal additional details surrounding Kaufmann's efforts to induce Abiomed to enter a business partnership with Enmodes, including communications among Enmodes personnel about entering into a partnership with Abiomed, Inc.  Discovery may shed light on what additional steps Kaufmann and Enmodes took to further this relationship, including, for example, activities in the Commonwealth to acquire information about Abiomed's business generally and/or projects in the Abiomed development pipeline.

To date, Abiomed has formulated its allegations on the basis of publicly available information and its own records about Kaufmann and Enmodes, which are necessarily limited, including because Abiomed did not know at the time that it was being defrauded by Defendants.

The exemplary, specific, factual ambiguities identified in the preceding paragraphs illustrate that additional, targeted, and limited discovery—such as that requested in Abiomed's motion for leave to take discovery—could, to the extent necessary, shed light on outstanding factual disputes and assist this Court in resolving the Defendants' motion to dismiss.

## **CONCLUSION**

For the foregoing reasons, to the extent that a question remains whether the prima facie standard for resolving personal jurisdictional disputes is satisfied by the allegations in Abiomed's Complaint and Opposition, Abiomed respectfully requests that the Court grant its motion for leave to conduct discovery limited to the issue of personal jurisdiction.

|  |  |
|---|---|
| Dated: March 15, 2023 | Respectfully Submitted,<br><br>ABIOMED, INC. and<br>ABIOMED EUROPE GmbH,<br><br>By their attorneys,<br><br>*/s/ Keith R. Hummel*<br>Keith R. Hummel<br><br>Keith R. Hummel<br>Benjamin Gruenstein<br>Retley G. Locke, Jr. (BBO# 708855)<br>CRAVATH, SWAINE & MOORE LLP<br>Worldwide Plaza<br>825 Eighth Avenue<br>New York, NY 10019<br>T:  (212) 474-1000<br>F:  (212) 474-3700<br>khummel@cravath.com<br>bgruenstein@cravath.com<br>rlocke@cravath.com<br><br>Joseph L. Stanganelli (BBO# 628958)<br>BARCLAY DAMON LLP<br>160 Federal Street, Suite 1001<br>Boston, MA 02110<br>T:  (617) 274-2900<br>jstanganelli@barclaydamon.com<br><br>*Attorneys for Plaintiffs Abiomed, Inc. and Abiomed Europe GmbH* |

7

**Certificate of Service**

I, the undersigned, hereby certify that on March 15, 2023 I caused a true and correct copy of the foregoing instrument, with all exhibits, to be electronically filed with the Clerk of Court by using the CM/ECF system, which will send notice of electronic filing to all registered CM/ECF participants, and by email to counsel for Defendants (by agreement to service by email).

      /s/ Keith R. Hummel
          Keith R. Hummel