# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ABIOMED, INC. and ABIOMED EUROPE GmbH,<br><br>Plaintiffs,<br><br>v.<br><br>ENMODES GmbH and TIM KAUFMANN,<br><br>Defendants. | **Case No. 1:23-cv-10087** |

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO CONDUCT DISCOVERY LIMITED TO THE ISSUE OF PERSONAL JURISDICTION

Defendants Enmodes GmbH and Tim Kaufmann (collectively, "Defendants"), through counsel, submit this Opposition to Plaintiffs' Motion for Leave to Conduct Discovery Limited to the Issue of Personal Jurisdiction ("Plaintiffs' Motion"), Dkt. 28. A plaintiff is not entitled to jurisdictional discovery unless they can show that there is a jurisdictional fact in dispute. *See TargetSmart Holdings, LLC v. GHP Advisors, LLC*, 366 F.Supp. 3d 195, 215 (D. Mass. 2019) ("[T]he decision to allow jurisdictional discovery requires that the plaintiff does, in fact, present a colorable case for personal jurisdiction . . . **and** show that additional clarity is needed." (internal quotations omitted) (emphasis added)); *Ward v. Auerbach*, No. 16-12543-FDS, 2017 WL 2724938 at *7 (D. Mass. June 23, 2017) ("The price of entry, even for discovery, is for the plaintiff to allege a *factual* predicate concrete enough to warrant further proceedings, which may be costly and burdensome." (quoting *DM Research, Inc. v. College of Am. Pathologists*, 170 F.3d 53, 55 (1st Cir. 1999)). Furthermore, this Court has discretion to deny jurisdictional discovery where it is unlikely to yield new jurisdictional facts. *See Ericson v. Conagra Foods, Inc*., No. 20-cv-11022, 2020 WL 6912105 at *8 (D. Mass Nov. 24, 2020) (collecting cases).

1

Here, Plaintiffs fail to show a fact in dispute for which additional clarity is needed. Plaintiffs' Motion requests discovery on three purportedly "outstanding question[s] of fact:" (1) "Defendants' efforts to solicit business from Abiomed in the Commonwealth," (2) "the share of Enmodes' revenue that was derived from its work under the SOW [Statement of Work]," and (3) the "mechanics of Defendants' scheme to forge a relationship with Abiomed." *See* Dkt. 28 pp. 4-5. As set forth more fully below, the discovery Plaintiffs seek in relation to these three questions is broad and unduly burdensome, is unlikely to yield new facts relevant to the jurisdictional inquiry, and would only serve to unnecessarily impose further burdens on the Defendants and the Court. Accordingly, Plaintiffs' Motion should be denied.

## ARGUMENT

### I. Defendants Should Not Be Subjected to Discovery that Seeks Information that is Equally Available to Plaintiffs, and that is Not Relevant to Jurisdiction.

Permitting Plaintiffs to seek jurisdictional discovery on their first and third questions, specifically pertaining to Defendants' efforts to solicit business in the Commonwealth from Abiomed, and Defendants' efforts to "forge a relationship with Abiomed", respectively, would impose upon Defendants an undue burden where the burden of such inquiries is properly borne by Plaintiffs. As these questions seek discovery pertaining to Defendants' contacts with Plaintiffs, such information would inherently be within Plaintiffs' knowledge and control as the necessary subjects and recipients of any such contacts. Moreover, while Plaintiffs request internal documents and internal communications from Defendants, they have provided no explanation as to how such internal documents or communications—in Germany—could be used to show contact by Defendants **with Massachusetts** relevant to the claims in the Complaint—Enmodes is based in

2

Germany, so any of its internal communications would necessarily be contacts within Germany, not with Massachusetts.

Where any evidence of contact between the parties would be equally in the possession of Plaintiffs as with Defendants, failure to plead such facts as the basis for personal jurisdiction in the Complaint is therefore a defect attributable to Plaintiffs, and not the proper basis for granting jurisdictional discovery. *See A-Connoisseur Transp. Corp. v. Celebrity Coach, Inc.*, 742 F.Supp. 39, 42 (D. Mass. 1990) ("[T]he burden falls on the plaintiff through affidavits and other competent evidence, to make out a prima facie case that personal jurisdiction does exist."). Plaintiffs should have pleaded any such facts as part of the Complaint, and their failure to do so should not be remedied through a jurisdictional fishing expedition at Defendants' expense. *See Ward*, 2017 WL 2724938 at *7 ("[T]he mere possibility that information disclosed during discovery may show a basis for liability cannot act as a substitute for sufficiently pleaded factual allegations.").

## II.     Defendants' Share of Revenue Derived from the Commonwealth is Not in Dispute, So Discovery on this Issue is Unwarranted.

On Plaintiffs' second question, specifically the share of Enmodes' revenue that was derived from its work under the SOW, Plaintiffs misstate the jurisdictional fact in dispute. Defendants do not claim that the exercise of personal jurisdiction is inappropriate because the **share** of revenue that Enmodes derived from Massachusetts is only a small percentage of its total revenue. Nor do Defendants dispute the total of payments that Enmodes received, in Euros, from Abiomed Europe GmbH ("Abiomed GmbH"). Instead, Defendants dispute Plaintiffs' characterization that Enmodes derived any revenue from Abiomed, Inc. at all, or that the payments from Abiomed GmbH are a contact with Massachusetts. Defendants assert that "only Abiomed GmbH has ever provided payment to Enmodes" and as such, that payments between the German bank accounts of two

3

German entities "do not provide a nexus between Massachusetts and Plaintiffs' claims." *See* Dkt. 21, p. 9. In support of their position, Defendants submitted a sworn declaration attesting to the fact that Enmodes has never derived any revenue from the Commonwealth – all invoices for services rendered pursuant to the Consulting Services Agreement ("CSA") and SOW were addressed to Abiomed GmbH and paid by Abiomed GmbH. *See* Declaration of Sascha Kuns, Dkt. 21-18, ¶¶ 11 and 13. The same declaration further attests to the fact that Defendant Enmodes has <u>never</u> invoiced Abiomed, Inc. or received payment from Abiomed, Inc. *See id.* at ¶ 12.

Plaintiffs have failed to adduce bank statements or other evidence to dispute the fact that no payments were made to Defendants from Abiomed, Inc. or from the Commonwealth. In an attempt to manufacture a jurisdictional issue, Plaintiffs instead make the baseless and conclusory claim that Enmodes derived revenue from Abiomed, Inc. in Massachusetts. As courts have previously noted that conclusory statements cannot create issues of fact to merit discovery, Plaintiffs are therefore not entitled to jurisdictional discovery here.[1] *See Venmill Industries, Inc. v. ELM, Inc.* 100 F.Supp.3d 59, 74 (denying jurisdictional discovery because it "flies in the face of [defendant's] sworn declaration, which unequivocally denies engaging in such activities") (citing *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 562 (9th Cir. 1995) ("[W]here a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by defendants, the Court need not permit even limited discovery….")). As such, any factual dispute is not about what share of total revenue confers jurisdiction, but whether

---

[1] "The Court takes specific facts affirmatively alleged by the plaintiff as true (whether or not disputed) and construes them in the light most congenial to the plaintiff's jurisdictional claim and then adds facts put forward by the defendants, to the extent that they are uncontradicted. The Court, however, shall not credit conclusory allegations or draw farfetched inferences." *Horizon Prod. v. Marvel Ent., LLC*, No. CV 15-11684-DJC, 2016 WL 526145, at *1 (D. Mass. Feb. 9, 2016) (internal quotations omitted).

the payments between the parties may be considered contact with Massachusetts at all. No discovery is needed from Defendants for the Court to make its determination on this issue and, accordingly, permitting such discovery would be inappropriate.

### III.    Plaintiffs Failed to Establish a Colorable Case for the Existence of Personal Jurisdiction and Therefore Jurisdictional Discovery Should Be Denied.

As discussed in Defendants' Memorandum of Law in Support of Their Motion to Dismiss, there is no colorable case for personal jurisdiction because the Massachusetts Long Arm Statute, M.G.L.A. c. 223A Sections 3(a), (b), or (d) is not satisfied and exercising personal jurisdiction over Defendants would violate due process. *See* Dkt. 21 pp.7-13. Permitting jurisdictional discovery on these issues would therefore be inappropriate. *See Sunview Condominium Ass'n v. Flexel Int'l, Ltd.*, 116 F.3d 962, 964 (1st Cir. 1997) ("A diligent plaintiff who sues an out-of-state corporation **and** who makes out a colorable case for the existence of *in personam* jurisdiction may well be entitled to a modicum of jurisdictional discovery." (emphasis added)). Plaintiffs' attempt to manifest, through sheer speculation, a jurisdictional issue where one does not exist, blatantly disregarding facts already in the record, is not a valid basis for launching a broad jurisdictional inquiry, and their Motion must therefore be denied.

### IV.    The Jurisdictional Discovery Plaintiffs Seek Is Unnecessary and Only Serves to Prejudice Defendants and Unnecessarily Burden This Court.

As detailed in Defendants' Motion, Plaintiffs have sought to inflict maximum harassment and expense upon Defendants through contemporaneous legal proceedings on two continents: this action in the United States, a criminal action launched in Germany against Kaufmann, a separate civil seizure action in Germany, a report to the German Ministry of Economics and Climate, and a report to German tax authorities. The instant request for gratuitous jurisdictional discovery is one

5

more in a series of actions initiated by Plaintiffs without any articulable basis for such an onerous demand, for the apparent purpose of maximizing the burden of this proceeding on Defendants.

Contrary to Plaintiffs' characterization, the discovery they seek—including document requests, interrogatories, and two oral depositions—is not "narrowly tailored." *See* Dkt. 28 p.4. Defendants argue that their contacts with Plaintiffs in Massachusetts are insufficient to confer jurisdiction, but Plaintiffs' discovery is not limited to contact between the Parties in Massachusetts. Instead, Plaintiffs seek broad categories of records regarding Defendants' business operations, Defendants' internal communications, and Defendants' external communications with third parties. For example, Plaintiffs' Proposed Jurisdictional Discovery Requests seek Defendants' "activities related to acquiring new business . . . or potential future partners" not limited to contact with Plaintiffs, as well as the total revenue of Enmodes since 2016. *See* Dkt. 27-1. Plaintiffs' proposed discovery requests are nothing more than a thinly veiled attempt to gain access to otherwise protected, highly-sensitive business strategy and key financial information, as well as early discovery on the merits. The bare assertion that some additional information could exist is not sufficient to warrant blind discovery. *See Mullane v. Breaking Media, Inc.*, No. 18-cv-12618, 2019 WL 5588961 at *7 (D. Mass. Aug. 13, 2019) (denying request for jurisdictional discovery in case where "[t]he plaintiff is parroting the right buzzwords, but he has not pointed to actual evidence to support these assertions . . ."). Allowance of Plaintiffs' Motion would further serve to prejudice Defendants and this Court by needlessly increasing the resources expended on this

6

litigation and delaying time to resolution. For these reasons, and for the reasons set forth above,

Plaintiffs' Motion should be denied.

Dated: March 29, 2023.

Respectfully submitted,

Enmodes GmbH and Tim Kaufmann
By their attorneys,

 /s/ Carolyn E. Riggs
Carolyn E. Riggs, BBO# 685401
ICE MILLER LLP
One American Square, Suite 2900
Indianapolis, IN 46282-0200
Tel: (317) 236-2388
Fax: (317) 529-4860
carolyn.riggs@icemiller.com

Kenneth Sheehan (*pro hac vice*)
ICE MILLER LLP
200 Massachusetts Avenue NW, Suite 400
Washington, DC  20002
Tel: (202) 807-4008
Fax: (202) 807-4009
ken.sheehan@icemiller.com

Candice Reder (*pro hac vice*)
ICE MILLER LLP
250 West Street, Suite 700
Columbus, OH  43215
Tel: (614) 462-1117
Fax: (614) 222-3432
candice.reder@icemiller.com

7

## RULE 7.1(A)(2) CERTIFICATION

I, Carolyn Riggs, hereby certify that on March 28, 2023, the parties conferred in a good faith effort to narrow or resolve the issues raised herein.

*/s/ Carolyn E. Riggs*
Carolyn E. Riggs

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on this 29th day of March, 2023, I caused a true and correct copy of the foregoing to be filed electronically, with all exhibits, using the Court's CM/ECF system, which will send notification of such filing to all CM/ECF participants.

*/s/ Carolyn E. Riggs*
Carolyn E. Riggs

8