# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

ABIOMED, INC. and
ABIOMED EUROPE GmbH,

      Plaintiffs and Counterclaim Defendants,

              v.

ENMODES GmbH and
TIM KAUFMANN,
      Defendants and Counterclaim Plaintiffs.

No. 23-cv-10087-DJC

---

## ABIOMED'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS REPLY IN SUPPORT OF ITS MOTION TO DISMISS CERTAIN AMENDED COUNTERCLAIMS FOR FAILURE TO STATE A CLAIM AND FOR LACK OF SUBJECT MATTER JURISDICTION

Plaintiffs and Counterclaim-Defendants Abiomed, Inc. and Abiomed Europe GmbH (collectively "Abiomed") request that this Court take judicial notice, pursuant to Federal Rule of Evidence 201, of the following documents in consideration of Abiomed's concurrently filed Reply in Support of Its Motion to Dismiss Certain Amended Counterclaims for Failure To State a Claim and for Lack of Subject Matter Jurisdiction:

1. Excerpts of BGH, NJW 2020, 1587. A true and correct copy of BGH, NJW 2020, 1587 and a certified English translation of excerpts of that decision are attached as Exhibit 48 to the Declaration of Jonathan D. Mooney in Support of Abiomed's Reply in Support of Its Motion to Dismiss Certain Amended Counterclaims for Failure to State a Claim and for Lack of Subject Matter Jurisdiction.

2. Excerpts of BGH NJW 2016, 1584. A true and correct copy of BGH NJW 2016, 1584, and a certified English translation of excerpts of that decision are attached as Exhibit 49 to the Declaration of Jonathan D. Mooney in Support of Abiomed's Reply

in Support of Its Motion to Dismiss Certain Amended Counterclaims for Failure to State a Claim and for Lack of Subject Matter Jurisdiction.

3. Excerpt of the English Translation of the German Civil Code ("BGB"). A true and correct copy of an excerpt of the English translation of the BGB found on the website of the German Federal Ministry of Justice is attached as Exhibit 50 to the Declaration of Jonathan Mooney in Support of Abiomed's Reply in Support of Its Motion to Dismiss Certain Amended Counterclaims for Failure to State a Claim and for Lack of Subject Matter Jurisdiction.

4. Excerpts of BGH, NJW 1967, 2012. A true and correct copy of BGH, NJW 1967, 2012 and a certified English translation of that decision are attached as Exhibit 51 to the Declaration of Jonathan D. Mooney in Support of Abiomed's Reply in Support of Its Motion to Dismiss Certain Amended Counterclaims for Failure to State a Claim and for Lack of Subject Matter Jurisdiction.

5. Excerpts of BGH, dated 21. 11. 1953 - VI ZR 91/52. A true and correct copy of BGH, dated 21. 11. 1953 - VI ZR 91/52 and a certified English translation of that decision are attached as Exhibit 52 to the Declaration of Jonathan D. Mooney in Support of Abiomed's Reply in Support of Its Motion to Dismiss Certain Amended Counterclaims for Failure to State a Claim and for Lack of Subject Matter Jurisdiction.

6. Excerpts of BGH, dated 27.04.1999 - KZR 54/97. A true and correct copy of BGH, dated 27.04.1999 - KZR 54/97 and a certified English translation of excerpts of that decision are attached as Exhibit 53 to the Declaration of Jonathan D. Mooney in Support of Abiomed's Reply in Support of Its Motion to Dismiss Certain Amended

Counterclaims for Failure to State a Claim and for Lack of Subject Matter
Jurisdiction.

7.  Declaration of Prof. Peter Chrocziel.  A true and correct copy of the Declaration of
Peter Chrocziel, dated April 29, 2024, is attached as Exhibit 54 to the Declaration of
Jonathan D. Mooney in Support of Abiomed's Reply in Support of Its Motion to
Dismiss Certain Amended Counterclaims for Failure to State a Claim and for Lack of
Subject Matter Jurisdiction.

## DISCUSSION

Judicial notice is appropriate for adjudicative facts capable of accurate and ready
determination by resort to sources whose accuracy cannot reasonably be questioned.  Fed. R.
Evid. 201(b)(2).  A court "must take judicial notice if a party requests it and the court is supplied
with the necessary information".  Fed. R. Evid. 201(c)(2).  Applying Rule 201's standard, when
considering a motion to dismiss, courts take judicial notice of "documents the authenticity of
which are not disputed by the parties; . . . official public records; . . . documents central to the
plaintiffs' claim; or . . . documents sufficiently referred to in the complaint".  *See Gargano v.
Liberty Intern. Underwriters, Inc.*, 572 F.3d 45, 48, n.1 (1st Cir. 2009).

Judicial notice is appropriate for sources of German law (Exhibits 48–53).  These
documents include German statutes and German court opinions.  Under Massachusetts choice-
of-law rules, a court "shall[] take judicial notice of [foreign law] whenever the same shall be
material".  Mass. Gen. Laws ch. 233, § 70; *see Dicker v. Klein*, 277 N.E.2d 514, 516 (Mass.
1972) (taking judicial notice of, and applying, the law of the Bahamas).  Here, German law is
material because it governs many of the Counterclaims, as explained in Abiomed's

Memorandum in Support of the Motion to Dismiss Various Counterclaims for Failure to State a Claim (D. 101).

Moreover, the Court may take judicial notice of expert declarations (Exhibit 54). "In determining foreign law, the court may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence." Fed. R. Civ. P. § 44.1. Accordingly, judicial notice is also appropriate for declarations of experts learned in foreign law. *See Silica Tech, L.L.C. v. J-Fiber, GmbH*, No. CIV A 06-10293-WGY, 2009 WL 2579432, at *10 (D. Mass. Aug. 19, 2009) ("Massachusetts law allows the court to take judicial notice of the laws of a foreign country . . . Expert testimony provides another means to determine the substance of foreign law." (citations omitted)); *see also CDM Smith Inc. v. Atasi*, 594 F. Supp. 3d 246, 255 (D. Mass. 2022) ("Insofar as the affidavits help with these determinations of foreign law, they are admissible under Rule 44.1."). Here, the expert declaration is relevant because the expert opines on matters of German law central to resolving whether Defendants have pleaded the elements of offenses under German law.

For the foregoing reasons, Abiomed respectfully requests that this Court take judicial notice of the Exhibits attached to the Declaration of Jonathan Mooney in Support of Plaintiffs' Reply in Support of Their Motion to Dismiss Certain Amended Counterclaims for Failure to State a Claim and for Lack of Subject Matter Jurisdiction.

Dated: May 7, 2024                       Respectfully submitted,

_/s/ Jonathan D. Mooney_
Keith R. Hummel (*pro hac vice*)
Benjamin Gruenstein (*pro hac vice*)
Jonathan D. Mooney (*pro hac vice*)
CRAVATH, SWAINE & MOORE LLP
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
T:  (212) 474-1000
F:  (212) 474-3700
khummel@cravath.com
bgruenstein@cravath.com
jmooney@cravath.com

Joseph L. Stanganelli (BBO# 628958)
BARCLAY DAMON LLP
160 Federal Street, Suite 1001
Boston, MA 02110
T:  (617) 274-2900
jstanganelli@barclaydamon.com

*Attorneys for Plaintiffs and Counterclaim-Defendants Abiomed, Inc. and Abiomed Europe GmbH*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 7, 2024, copies of the foregoing were caused to be served

upon the following in the manner indicated:

Carolyn E. Riggs                                                                    *VIA CM/ECF*
ICE MILLER LLP
Rodney Square
One American Square, Suite 2900
Indianapolis, IN 46282-0200
*Attorneys for Defendants*

Kenneth Sheehan                                                                 *VIA CM/ECF*
ICE MILLER LLP
200 Massachusetts Avenue NW, Suite 400
Washington, DC 20002
*Attorneys for Defendants*

Candice Reder                                                                      *VIA CM/ECF*
ICE MILLER LLP
250 West Street, Suite 700
Columbus, OH 43215
*Attorneys for Defendants*

*/s/ Jonathan D. Mooney*
Jonathan D. Mooney