UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ABIOMED, INC., et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>ENMODES GmbH, et al., )<br>)<br>Defendants. )<br>) | Civil Action No. 23-10087-DJC |

ORDER ON DEFENDANTS' MOTION FOR PROTECTIVE ORDER
REGARDING DEPOSITIONS OF ENMODES AND ITS GERMAN EMPLOYEES
[Docket No. 161]

August 22, 2024

Boal, M.J.

Defendants Enmodes GmbH and Tim Kaufmann have moved for a protective order requiring the depositions of Enmodes and its German employees to be taken in Germany under the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Convention"). Docket No. 161.[1] For the following reasons, this Court denies the motion.

I.   RELEVANT BACKGROUND

   A.   Abiomed's Allegations

Plaintiffs Abiomed, Inc. ("Abiomed US") and Abiomed Europe GmbH ("Abiomed Europe") (collectively, "Abiomed") develop and sell catheter-based heart pumps and other

---

[1] On July 30, 2024, Judge Casper referred the motion to the undersigned. Docket No. 173.

1

cardiac-related medical devices. Complaint at ¶¶ 2, 17. Abiomed's core product line is its heart pumps, which it markets under the name Impella. Id. at ¶ 18. Abiomed entered into consulting agreements with Enmodes, a small German engineering firm whose co-founder and managing director is defendant Kaufmann. Id. at ¶ 3. According to Abiomed, under those agreements, Enmodes was to provide services to assist the development of particular aspects of Abiomed's next-generation compressible heart-pump, the Impella ECP. Id.

In its complaint, Abiomed alleges that it shared its valuable and proprietary information and trade secrets with Enmodes in reliance on Enmodes contractual commitments:

> to keep confidential Abiomed's information and any discoveries Enmodes made during the project, to refrain from providing services to Abiomed's competitors, and to acknowledge Abiomed's ownership of intellectual property, including the confidential information and trade secrets Abiomed provided to Enmodes and any intellectual property created or discovered by Enmodes during its work for Abiomed.

Id. at ¶ 4. Abiomed further alleges that Enmodes wrongfully and in secret disclosed Abiomed's confidential information and trade secrets to a Chinese company co-founded by Kaufmann. Id. at ¶ 5. According to Abiomed, that company, MagAssist, which touts itself as Abiomed's competitor, has improperly used Abiomed's information to file Chinese patent applications and has falsely attempted to claim Abiomed's innovations as its own. Id.

The complaint brings claims for breach of contract, trade secret misappropriation under the Massachusetts Uniform Trade Secrets Act ("MUTSA"), trade secret misappropriation under the U.S. Defend Trade Secrets Act ("DTSA"), misappropriation of confidential business information, and fraudulent inducement. Id. at ¶¶ 162-231.

B.     Proceedings In Germany

On July 1, 2022, Abiomed Europe initiated a civil-seizure action against Enmodes in

Germany.  Docket No. 161-11 at 5.[2]  As a result, German authorities raided Enmodes' offices, and at least 55 gigabytes of electronic data were seized.  Id. at 6.  The seized data is being reviewed by a technical expert appointed by the German Court for evidence of trade secret misappropriation.  Id.  A report is not expected until September 2024.  Id. at 7.

On August 3, 2022, Abiomed Europe also requested that the German authorities launch a criminal investigation of Dr. Kaufmann.  Id. at 6.  In addition, Abiomed requested that both the Federal Ministry for Economic Affairs and the Climate Action and Climate Action and the Tax Authority Aachen begin investigations into Enmodes.  Id.  The criminal action against Dr. Kaufmann by German authorities remains open.  Id.  If found guilty, he faces a sentence of up to 3 years in prison.  Id.

C. The Current Discovery Dispute

On June 27, 2024, Abiomed served Rule 30(b)(1) notices of deposition on nine Enmodes employees, as well as on two Lungshield employees in China and one third-party witness in Germany.  Id. at 7.  The notices set the location of the depositions as the offices of Barclay Damon, LLP in Boston, Massachusetts, between July 17 and August 8, 2024.  Id.  In an accompanying letter, Abiomed agreed to consider "taking the depositions in some other mutually acceptable location in the United States or Europe."  Id.

On June 28, 2024, Abiomed served a Rule 30(b)(6) deposition notice on Enmodes identifying 62 topics.  Id.  The notice set a deposition date of July 16, 2024, at the offices of Barclay Damon in Boston.  Id.  Defendants subsequently noticed the depositions of Abiomed's

---

[2] Citations to "Docket No. ___" are to documents appearing on the Court's electronic docket. They reference the docket number assigned by CM/ECF, and include pincites to the page numbers appearing in the top right corner of each page within the header appended by CM/ECF.

German witnesses to take place in Washington, D.C. Docket No. 178-1 at 7.

On July 15, 2024, Defendants filed the instant motion for a protective order requiring that the depositions of Enmodes and its German employees be taken in Germany under the Hague Convention. Docket No. 161. Abiomed filed an opposition on July 30, 2024. Docket No. 178. This Court heard oral argument on August 21, 2024.

II.  ANALYSIS

A.  Standard Of Review

Rule 26(c) of the Federal Rules of Civil Procedure provides that a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden of expense" in connection with discovery requests. Fed. R. Civ. P. 26(c)(1). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984). "As specified in [Rule] 26(c), however, a showing of good cause is required to justify any protective order." Baker v. Liggett Group, Inc., 132 F.R.D. 123, 125 (D. Mass. 1990) (citing Anderson v. Cryovac, Inc., 805 F.2d 1, 7 (1st Cir. 1986)). As the parties seeking a protective order, the Defendants have the burden of demonstrating good cause. See Anderson v. Cryovac, Inc., 805 F.2d at 7-8 (citations omitted). In addition, a party seeking the application of the Hague Convention procedures, rather than the Federal Rules of Civil Procedure, bears the burden of persuasion. Strauss v. Credit Lyonnais, 249 F.R.D. 429, 435 (E.D.N.Y. 2008) (citation omitted).

The Hague Convention "prescribes certain procedures by which a judicial authority in one contracting state may request evidence located in another contracting state." Société Nationale Industrielle Aérospatiale v. U.S. Dist. Ct. for the S. Dist. of Iowa, 482 U.S. 522, 524

(1987).  The Supreme Court has held that the Hague Convention is not the exclusive means by which American plaintiffs may obtain foreign evidence nor must American litigants first resort to the Hague Convention when requesting discovery.  Id. at 544.  "The Federal rules remain the 'normal method [] for federal litigation involving foreign national parties' unless the facts of a given case indicate 'the 'optional' or 'supplemental' Convention procedures prove to be conducive to discovery.'"  City of Almaty, Kazakhstan v. Ablyazov, No. 1:15-cv-05345, 2017 WL 11699076, at *3 (S.D.N.Y. June 16, 2017) (citation omitted).  "In order to compel application of the Hague Convention over the Federal Rules, the party seeking to apply the Convention procedures bears the burden to show that the 'particular facts, sovereign interests, and likelihood [of resorting to Hague procedures] will prove effective.'"  Id.

   B. The Defendants Have Not Met Their Burden Of Showing Good Cause For Their Request For A Protective Order

Defendants argue that the depositions of Enmode and its German employees should be taken in Germany under the Hague Convention procedures "to avoid any risk that they later are found to have waived protections afforded them under German law."  Docket No. 161-11 at 10.  They further argue that "[t]his concern is of particular significance given that the Plaintiffs have already caused one criminal action to be brought in Germany against one of its witnesses, Dr. Tim Kaufmann, and two government investigations to be brought against Enmodes."  Id.  They have not, however, identified any privilege that they would lose if they submitted to a deposition conducted pursuant to the Federal Rules of Civil Procedure.  See Declaration of Dr. Hans-Claudius Scheef (Docket No. 161-12) ("Scheef Decl.") at ¶ 14 (stating that the "consequence to a witness who voluntarily appears for a deposition outside of Germany is unclear and unsettled" including whether it would be a violation of German law).  Rather, in a German deposition taken under the Hague Convention, a German Judge oversees the deposition and will rule, in real-time,

5

whether the witness may refuse to answer questions seeking irrelevant information. See Docket No. 161-11 at 10. Defendants argue that their witnesses in Germany should not have to give up this procedural protection. As discussed below, however, this argument underscores that a deposition under the Hague Convention is not a substantial equivalent to a deposition under the Federal Rules.

To the extent that the Defendants are concerned that deposition testimony may be used against them in proceedings in Germany, the Protective Order in this case provides that any discovery materials subject to the Protective Order may not be used in any other legal proceeding. Docket No. 86 at 5. Abiomed has agreed to designate the deposition transcripts as "Confidential" under the Protective Order. Docket No. 178-1 at 9.

While the Supreme Court found that use of the Hague Convention procedures is optional, it also recognized that the principles of international comity "require[] in this context a . . . particularized analysis of the respective interests of the foreign nation and the requesting nation." Aérospatiale, 482 U.S. at 543-544 n.27. In performing this comity analysis, courts consider the following factors:

> (1) the importance to the . . . litigation of the documents or other information requested;
> (2) the degree of specificity of the request;
> (3) whether the information originated in the United States;
> (4) the availability of alternative means of securing the information; and
> (5) the extent to which noncompliance with the request would undermine important interests of the United States, or compliance with the request would undermine important interests of the state where the information is located.

Id. at 544 n.28.[3]

---

[3] While citing to these factors, see Docket No. 161-11 at 9, the Defendants have not addressed them.

*The Importance To The Litigation Of The Information Requested*.  It appears that each of the witnesses possesses relevant and important information.  See Docket No. 178-1 at 10-11.  Indeed, the Defendants have listed six of the noticed individuals in their Rule 26(a) disclosures.  Id. at 11.

*The Degree Of Specificity Of The Request*.    Abiomed has identified the individuals it seeks to depose.  In addition, its Rule 30(b)(6) notice provides specific topics for testimony.  See Docket No. 178-1 at 12.

*Whether The Information Originated In The United States*.  Abiomed acknowledges that it seeks depositions of German nationals and, therefore, the requested information does not originate in the United States.  Id.  This factor, however, "is relevant when the issue is whether the persons responsible for the disclosure are subject to the terms of a blocking statute," which does not appear to be the case here.  Madanes v. Madanes, 186 F.R.D. 279, 287 (S.D.N.Y. 1999); see also In re Automotive Refinishing Paint Antitrust Litig., 358 F.3d 288, 303 (Feb. 13, 2004) ("[W]here Aérospatiale has rejected the first resort rule even though the French defendants there may have faced possible penal sanction under France's 'blocking statute,' there is less justification . . . where the appellants face no such sanction because Germany has no 'blocking statute.'").[4]

*The Availability Of Alternative Means Of Securing The Information*.  "If the information sought can easily be obtained elsewhere, there is little or no reason to require a party to violate foreign law."  Connex R.R. LLC v. AXA Corp. Solutions Assurance, No. CV 16-02368-ODW, 2017 WL 3433542, at *13 (C.D. Cal. Feb. 22, 2017) (citation omitted).  Some courts interpret

---

[4] At the August 21, 2024 hearing, counsel for Defendants stated that he "would argue that there's a blocking statute," but has not cited to any such statute.

7

this factor as concerning whether "alternative *domestic* means" are available to obtain the discovery.  Id. (emphasis in original).  Other courts consider whether the Hague Convention qualifies as an alternative to compelling discovery under the Federal Rules.  Id.  In any event, the alternative means must be "substantially equivalent" to the requested discovery.  Id. at *14.

Here, as Abiomed seeks the testimony of German witnesses and Enmodes is a German company, there appears to be no alternative domestic means to the requested discovery.  With respect to whether depositions taken in Germany under Hague Convention procedures provide a substantial equivalent to depositions taken under the Federal Rules, such depositions appear to contain significant limitations on questioning that are not present in depositions taken under the Federal Rules.  See Declaration of Christian Czychowski (Docket No. 180) ("Czychowski Decl.") at ¶ 8.  Among other things, such depositions have limitations on the place for questioning, who will preside over such questioning, and whether certain lines of questioning will be allowed.  See id. at ¶¶ 10-13.  In addition, the process for arranging such depositions is very time consuming and it often takes several months before such depositions may be conducted.  Id. at ¶ 13.  See Peter Brasseler Holdings, L.P. v. Gebr. Brasseler GmbH & Co. KG, No. CV407-025, 2007 WL 9706827, at *2 (S.D. Ga. June 28, 2007) (denying motion for protective order requiring depositions of defendant's officials to be taken in Germany under Hague convention procedures and noting that "[n]umerous courts have noted that the Hague procedures are cumbersome, time consuming, and inefficient.").[5]

---

[5] Defendants have noticed the depositions of Abiomed's German witnesses under the Federal Rules to occur in Washington, D.C.  See Docket No. 179-12.  According to Defendants, however, they were ready to proceed with those depositions under the Hague Convention but Abiomed offered to make their German witnesses available for deposition in Washington, D.C..  Abiomed disputes this.  Regardless, Defendants' decision to proceed with those depositions in Washington, D.C. appears to be an acknowledgement of the difficulties of conducting depositions in Germany.

Further, it appears that under German law, a deponent has the right to refuse to answer any question for any reason and cannot be compelled to answer if the depositions are taken in Germany.  See Czychowski Decl. at ¶ 12; Peiker Acustic, Inc. v. Kennedy, No. 10-cv-02083-REB-MJW, 2011 WL 1344238, at *2 (D. Col. Apr. 8, 2011).  By contrast, the Federal Rules do not allow a witness to refuse to answer even irrelevant questions unless "when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)."  Fed. R. Civ. P. 30(c)(2).

*The Interests Of The United States And Germany*.  "[I]t has been repeatedly recognized that the United States has an 'obvious interest' in having its own procedural rules applied to discovery."  Laydon v. Mizuho Bank, Ltd., 183 F.Supp.3d 409, 423 (S.D.N.Y. 2016) (citations omitted).  In addition, the United States has a clear interest in protecting its companies' confidential information and trade secrets.  Inventus Power v. Shenzhen Ace Battery, 339 F.R.D. 487, 504 (N.D. Ill. 2021) ("[T]he United States also has a significant interest in protecting its own trade secrets and intellectual property.").  The Defendants argue that Germany has an interest in protecting their citizens from depositions in other countries.

Accordingly, after weighing the relevant considerations, I find that the comity factors support proceeding under the Federal Rules.

III.   ORDER

For the foregoing reasons, this Court denies the Defendants' motion for a protective order.

                                          /s/ Jennifer C. Boal
                                          JENNIFER C. BOAL
                                          U.S. MAGISTRATE JUDGE