IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ABIOMED, INC. and ABIOMED EUROPE GmbH,<br><br>Plaintiffs and Counterclaim-Defendants,<br><br>v.<br><br>ENMODES GmbH and TIM KAUFMANN,<br><br>Defendants and Counterclaim-Plaintiffs. | Case No. 1:23-cv-10087  |

# ABIOMED'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO COMPEL THE DEPOSITION OF FELIX HESSELMANN

BARCLAY DAMON LLP

Joseph L. Stanganelli (BBO# 628958)
160 Federal Street, Suite 1001
Boston, MA 02110
T: (617) 274-2900
jstanganelli@barclaydamon.com

CRAVATH, SWAINE & MOORE LLP

Keith R. Hummel (*pro hac vice*)
Benjamin Gruenstein (*pro hac vice*)
Sharonmoyee Goswami (*pro hac vice*)
Andrei Harasymiak (*pro hac vice*)
Jonathan Mooney (*pro hac vice*)
Marc J. Khadpe (*pro hac vice*)
Donald R. Bunton (*pro hac vice*)
Justin S. Rosinski (*pro hac vice*)
Neal Vinaixa (*pro hac vice*)
2 Manhattan West
375 Ninth Avenue
New York, NY 10001
T: (212) 474-1000
F: (212) 474-3700
khummel@cravath.com
bgruenstein@cravath.com
sgoswami@cravath.com
aharasymiak@cravath.com
jmooney@cravath.com
mkhadpe@cravath.com
dbunton@cravath.com
jrosinski@cravath.com
nvinaixa@cravath.com

*Attorneys for Plaintiffs and Counterclaim-Defendants Abiomed, Inc. and Abiomed Europe GmbH*

October 1, 2024

Abiomed moves for an order compelling Defendants to make their employee Felix Hesselmann available for deposition under the Federal Rules. Defendants refuse to make him available for deposition even though the Court denied Defendants' motion for a protective order to require Abiomed to take his deposition in Germany through the Hague Convention.

**I.     BACKGROUND**

Abiomed noticed the deposition of Mr. Hesselmann on June 27, 2024, along with the depositions of several other Enmodes employees. In response to these deposition notices, Defendants moved for a protective order requiring that all depositions of Enmodes' employees take place in Germany under the Hague Convention, rather than under the Federal Rules. (D. 161.) Defendants asserted only *one reason* in support of their motion—the respective witness's fear of criminal prosecution in Germany if they were required to give deposition testimony under the Federal Rules. (D. 161 at 7) (stating that Defendants "seek an order requiring the depositions of Enmodes' German employees to be taken in Germany under the procedures of the Hague Convention to avoid any risk that they later are found to have waived protections afforded them under German law."). Defendants advanced no other bases for protection against the depositions. They did not dispute that each of the noticed witnesses is an officer, director or managing agent of Enmodes, and that Enmodes is obligated to make such persons available for deposition under the Federal Rules. Nor did Defendants assert that the burden of traveling outside of Germany for any of the witnesses was itself a reason to prevent the depositions.

On August 22, 2024, the Court denied Defendants' motion for protective order. (D. 190 or the "Order".) Addressing Defendants' only argument, the Court observed that "[t]o the extent that the Defendants are concerned that deposition testimony may be used against them in proceedings in Germany, the Protective Order in this case provides that any discovery materials subject to the Protective Order may not be used in any other legal proceeding", and that

"Abiomed has agreed to designate the deposition transcripts as 'Confidential' under the Protective Order".  (Order at 6.)  The Court then applied the comity analysis laid out in *Société Nationale Industrielle Aérospatiale v. United States District Court for the Southern District of Iowa*, 482 U.S. 522 (1987), concluding that "after weighting the relevant considerations, I find that the comity factors support proceeding under the Federal Rules."  (Order at 9.)

Notwithstanding the Court's Order, Defendants have continued to place obstacles in the way of Abiomed taking these depositions under the Federal Rules.  On September 11, 2024, Abiomed provided new dates for each of the depositions, including October 11, 2024 for Mr. Hesselmann.  (Ex. 1.)  On September 19, 2024, Defendants stated that four of their witnesses, including Mr. Hesselmann, "are unwilling to leave Germany to sit for depositions in this matter" and that Defendants are "not in a position to pressure them to do so given the risk identified in our motion for protective order."  (Ex. 2 at 1.)  Ignoring the Court's Order, Defendants further stated that these witnesses "remain willing to be deposed in Germany under the Hague Convention" (*Id.*)  After Abiomed stated that Defendants' refusal to produce these four witnesses for deposition outside of Germany would be in contravention of the Court's Order, however, Defendants agreed to make three of them available outside of Germany.  (Ex. 3 at 2.)

Defendants continue to refuse to make Mr. Hesselmann, a critical witness, available for deposition.  Mr. Hesselmann was given full access to Abiomed Confidential Information and trade secrets, worked on the development project for Abiomed under the parties' contracts (including the CSA and SOW), and then was moved to the Golden Dragon project. Despite not raising this issue before, with less than a month remaining in the discovery period, Defendants advanced an entirely new reason to prevent the deposition of Mr. Hesselmann,

asserting that he ███████████████████ preventing him from appearing at a deposition. (Ex. 4 at 1.) However, Defendants have refused to provide any explanation of ████████ ████████, why they did not raise it sooner, or why Mr. Hesselmann could sit for a deposition in Germany but not over the border in the Netherlands, where the other depositions of German nationals will take place.

## II.  LEGAL STANDARDS

A corporate entities' officers, directors and managing agents are properly noticed for deposition under Rule 30(b)(1). *Smith v. Shoe Show of Rocky Mount, Inc.*, 2001 WL 1757184, at *1 (D. Mass. Apr. 26, 2001) (holding that "a Rule 30(b)(1) deposition notice may appropriately target an officer, director or managing agent" (internal quotation marks omitted)). "Under Federal Rule of Civil Procedure 37(a), the Court may order a party who refuses to cooperate with a deposition to appear for the deposition." *Robinson v. Cryer*, 2023 WL 3854700, at *2 (E.D. Cal. May 18, 2023). It is clear that "a foreign corporation's managing agents may be compelled to appear for depositions in the United States." *Procaps S.A. v. Patheon, Inc.*, 2014 WL 352226, at *2 (S.D. Fla. Jan. 30, 2014).

## III.  ARGUMENT

Abiomed seeks an order compelling the deposition of Mr. Hesselmann to occur under the Federal Rules. Abiomed properly noticed Mr. Hesselmann's deposition to occur in Boston. However, the parties have agreed to take the depositions of their German-based witnesses in Maastricht, which is close to their homes in Aachen. Abiomed remains willing to take Mr. Hesselmann's deposition in Maastricht. Defendants refusal to make him available in Boston or Maastricht, even in the face of the Court's Order requiring the deposition to proceed under the Federal Rules, is improper and a willful violation of this Court's instructions.

As a threshold matter, it is undisputable that Mr. Hesselmann is a managing agent ████████████████████

3

of Defendant Enmodes.  In its opposition to Defendants' motion for a protective order regarding depositions (D. 161), Abiomed asserted that each of the Enmodes witnesses—including Mr. Hesselmann—were officers, directors, or managing agents.  Defendants never disputed this fact, and with good reason.  Whether an employee is a "managing agent" depends on a "functional" test, *Smith v. Shoe Show of Rocky Mount, Inc.*, 2001 WL 1757184, at *1 (D. Mass. Apr. 26, 2001).  Under that test, a managing agent is defined as:

> (1) "a person invested by the corporation with general powers to exercise his judgment and discretion in dealing with corporate matters"; (2) "who could be depended upon to carry out his employer's direction to give testimony at the demand of a party engaged in litigation with the employer"; and (3) "who can be expected to identify himself with the interest of the corporation rather than with those of the other parties."

*AngioDynamics, Inc. v. Biolitec AG*, 991 F. Supp. 2d 283, 295 (D. Mass. 2014) (quoting *Reed Paper Co. v. Proctor & Gamble Distrib. Co.*, 144 F.R.D. 2, 4 (D. Me. 1992)).  Defendants have admitted that Mr. Hesselmann ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.  (Ex. 5 at 7.)  Defendants' documents prove the same.  For instance, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

Mr. Hesselmann's deposition testimony is of paramount importance.  A central allegation underlying Abiomed's claims is that Defendants misused Abiomed's Confidential Information and trade secrets to develop the Golden Dragon heart pump.  (D. 196 ¶¶ 176–266.)  Mr. Hesselmann is at the heart of these allegations: ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

4

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████ Aside from the named Defendants themselves, there is no single witness more important to Abiomed's case than Mr. Hesselmann. As Defendants admit, ████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

██████████████████████████████████ Thus, Mr. Hesselmann's testimony is likely to contain many details that are not apparent from the documents Defendants have produced. ████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████

5

███████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████

██████████████████████████████████████

████████████████████████████████

██████████████████████████████

████████████████████████

Yet, even though this Court has denied Defendants' motion for a protective order mandating that Abiomed take Mr. Hesselmann's deposition in Germany under the Hague Convention, Defendants flatly refuse to make available for deposition outside of Germany. Defendants' latest reason for their refusal—raised for the first time last week—is that Mr. Hesselmann ███████████████████████████████████ ██████████████. But such generalized, unsupported assertions are insufficient to prevent Mr. Hesselmann's deposition from going forward.  *See, e.g., United States v. Copar Pumice Co.*, No. 1:09-cv-1201, ECF No. 292 at *2 (D.N.M. Nov. 26, 2012) ("A brief and conclusory statement by the witness' physician is not sufficient to prevent a deposition."). Indeed, Defendants refuse to say ████████████████████████████████, why they did not raise this as a reason not to hold Mr. Hesselmann's deposition outside Germany at any prior time (including in their motion for a protective order) or why Mr. Hesselmann could be deposed in Germany (months from now under restrictions already rejected by the Court) but not 25 miles away in Maastricht.

This issue has already been decided by this Court's August 22 Order. Defendants had their chance to oppose Abiomed's noticed depositions, and indeed, they took full advantage of that opportunity by filing a motion for protective order, which motion was denied. (D. 190.)

████████████████████

6

Defendants cannot now at the eleventh hour seek to prevent the deposition of Mr. Hesselmann based on ███████████████████████████████████████████████████████████████ ██████████████████████████████████████████████. (Ex. 4 at 1.)

Therefore, given the importance of Mr. Hesselmann's testimony, Abiomed seeks an order compelling him to appear for a deposition under the Federal Rules outside of Germany, in an agreed upon location. If Mr. Hesselmann does not appear for his duly noticed deposition, Abiomed intends to move for all available sanctions under at least Rules 37(b) and 37(d), and under the Court's inherent power to sanction the parties before it. At a minimum, Abiomed intends to seek an adverse inference instruction relating to Mr. Hesselmann's activities based on his failure to appear for deposition. *See* Fed. R. Civ. P. 37(b)(2)(A)(i); Fed. R. Civ. P. 37(d)(3).

## IV. CONCLUSION

For all of the foregoing reasons, Abiomed respectfully requests that this Court compel Mr. Hesselmann to appear for deposition under Rule 30(b)(1).

RESPECTFULLY SUBMITTED this first day of October, 2024.

CRAVATH, SWAINE & MOORE LLP

*/s/ Sharonmoyee Goswami*
Keith R. Hummel (*pro hac vice*)
Benjamin Gruenstein (*pro hac vice*)
Sharonmoyee Goswami (*pro hac vice*)
Andrei Harasymiak (*pro hac vice*)
Jonathan Mooney (*pro hac vice*)
Marc J. Khadpe (*pro hac vice*)
Donald R. Bunton (*pro hac vice*)
Justin S. Rosinski (*pro hac vice*)
Neal Vinaixa (*pro hac vice*)
2 Manhattan West
375 Ninth Avenue
New York, NY 10001
T:  (212) 474-1000
F:  (212) 474-3700
khummel@cravath.com
bgruenstein@cravath.com
sgoswami@cravath.com
aharasymiak@cravath.com
jmooney@cravath.com
mkhadpe@cravath.com
dbunton@cravath.com
jrosinski@cravath.com
nvinaixa@cravath.com

BARCLAY DAMON LLP

Joseph L. Stanganelli (BBO# 628958)
160 Federal Street, Suite 1001
Boston, MA 02110
T:  (617) 274-2900
jstanganelli@barclaydamon.com

*Attorneys for Plaintiffs and Counterclaim-Defendants Abiomed, Inc. and Abiomed Europe GmbH*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 1, 2024, copies of the foregoing were caused to be served upon the following in the manner indicated:

| | |
|---|---|
| Carolyn E. Riggs<br>ICE MILLER LLP<br>Rodney Square<br>One American Square, Suite 2900<br>Indianapolis, IN 46282-0200<br>*Attorney for Defendants* | *VIA ELECTRONIC MAIL* |
| Kenneth Sheehan<br>Kevin S. Adams<br>ICE MILLER LLP<br>200 Massachusetts Avenue NW, Suite 400<br>Washington, DC 20002<br>*Attorneys for Defendants* | *VIA ELECTRONIC MAIL* |
| Candice Reder<br>ICE MILLER LLP<br>250 West Street, Suite 700<br>Columbus, OH 43215<br>*Attorney for Defendants* | *VIA ELECTRONIC MAIL* |
| Robert D. Keeler<br>ICE MILLER LLP<br>1500 Broadway, Suite 2900<br>New York, NY 10036<br>*Attorney for Defendants* | *VIA ELECTRONIC MAIL* |
| Lesley Grossberg<br>ICE MILLER LLP<br>1735 Market Street, Suite 3900<br>Philadelphia, PA 19103<br>*Attorney for Defendants* | *VIA ELECTRONIC MAIL* |

        */s/ Sharonmoyee Goswami*
        Sharonmoyee Goswami