UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ABIOMED, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> ENMODES GmbH, et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 23-10087-DJC <br> ) <br> ) <br> ) <br> ) <br> ) |

ORDER ON DEFENDANTS' MOTION TO COMPEL COMPLETION OF DISCOVERY
[Docket Nos. 286, 296]

October 30, 2024

Boal, M.J.

Defendants Enmodes GmbH and Tim Kaufmann have moved for an order compelling plaintiffs Abiomed, Inc. ("Abiomed US") and Abiomed Europe GmbH ("Abiomed Europe") (collectively "Abiomed") to search for and produce documents responsive to Requests for Production ("RFP") Nos. 73-77 and 90-93. Docket Nos. 286, 296.[1,2] For the following reasons, this Court grants in part and denies in part the motion.

I.   RELEVANT BACKGROUND

Abiomed develops and sells catheter-based heart pumps and other cardiac-related medical devices. Amended Complaint at ¶¶ 2, 19. Abiomed's core product line is its heart

---

[1] Defendants originally filed the motion on October 11, 2024. Docket No. 286. On October 16, 2024, they filed an amended version of the motion. Docket No. 296.

[2] On October 15, 2024, Judge Casper referred the motion to the undersigned. Docket No. 288.

1

pumps, which it markets under the name Impella.  Id. at ¶ 18.  In this action, Abiomed alleges that Defendants misused Abiomed's confidential information and misappropriated its trade secrets relating to its Impella line of heart pumps.

On December 4, 2023, the Defendants served their first set of requests for production on Abiomed.  Docket No. 286-2.[3]  RFP Nos. 73-74 generally sought documents regarding market share, project market share, revenue, projected revenue, and costs of entry with respect to Abiomed, Enmodes, or any third party's heart pumps in any geographic market.  Id. at 21-22.  Abiomed objected to these requests on the grounds, inter alia, that the requests sought documents with limited relevance and/or were overly broad.  Docket No. 286-3 at 34-37.  Specifically, Abiomed stated that the documents "will not be relevant to any claim or defense in this Action if [the Defendants' antitrust counterclaims] are withdrawn or dismissed."  Id.  Nevertheless, Abiomed agreed to produce responsive documents.  Id.  After the Defendants voluntarily dismissed their antitrust counterclaims, Abiomed wrote to Defendants stating that these requests were no longer relevant and asked the Defendants to confirm that they were no longer seeking responsive documents.  Docket No. 300-1 at 3.  Defendants never responded to this email.  Id.

RFP Nos. 90-93 seek documents related to three Enmodes employees who applied for positions at Abiomed and subsequently left Enmodes and joined Abiomed.  Docket No. 286-2 at 24-25.  Abiomed objected on relevance grounds but agreed to produce documents regarding the hiring of Dr. Fiete Böhning, Dr. Sasha Groß-Hardt, or Dr. Deepanshu Sodhani.  Docket No. 286-3 at 42-45.

---

[3] Citations to "Docket No. ___" are to documents appearing on the Court's electronic docket.  They reference the docket number assigned by CM/ECF, and include pincites to the page numbers appearing in the top right corner of each page within the header appended by CM/ECF.

On April 4, 2024, Abiomed informed Defendants that its document production was substantially complete. Docket No. 296 at 5. Defendants maintain that Abiomed has not produced sufficient documents responsive to RFP Nos. 73-77 and 90-93 and have requested that Abiomed run additional search terms. See Docket No. 296 at 9-12. Abiomed, on the other hand, argues that it has conducted a reasonable search for, and produced, responsive documents and that the additional search terms the Defendants want them to run are overly broad and likely to capture a large number of irrelevant documents. Docket No. 300-1 at 12-14.

II.  ANALYSIS

   A.  Standard Of Review

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Whether discovery is proportional to the needs of the case depends on, among other things, "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the expense of the proposed discovery outweighs its likely benefit." Id.

If a party fails to respond to requests for production of documents or interrogatories, the party seeking discovery may move to compel production of the requested information. See Fed. R. Civ. P. 37(a)(3). "[T]he party seeking an order compelling discovery responses over the opponent's objection bears the initial burden of showing that the discovery requested is relevant." Torres v. Johnson & Johnson, No. 3:18-10566-MGM, 2018 WL 4054904, at *2 (D. Mass. Aug. 24, 2018) (citation omitted). "Once a showing of relevance has been made, the objecting party bears the burden of showing that a discovery request is improper." Id. (citation omitted).

3

B.     Market Requests

Defendants argue that documents responsive to RFPs 73-77 are relevant to damages Abiomed may claim relating to the Chinese market. Docket No. 296 at 9. According to Defendants, Abiomed has produced "no evidence whatsoever showing their intent to enter the Chinese market." Id. at 10. Abiomed, however, points to specific responsive documents it has produced. See Docket No. 300-1 at 9-10. It seems what the Defendants seek is to compel Abiomed to run additional search terms. Defendants, however, have not shown that Abiomed's search for responsive documents was deficient and they have not cited to any authority for their request that Abiomed run additional search terms at this late stage in the case. "Absent an agreement between the parties or a timely objection, the producing party is in the best position to determine the method by which it will collect responsive documents." Traverse v. Gutierrez Co., No. 18-10175-DJC, 2020 WL 9601833, at *3 (D. Mass. Aug. 5, 2020) (citation omitted). The additional search terms that Defendants have proposed contain generic terms that are likely to encompass significant amounts of information not likely to be relevant.

C.     Employee Requests

Defendants argue that Abiomed's production as well as their answers to interrogatories suggest that there should be more documents responsive to RFP Nos. 90-93, seeking documents about the hiring of three of Enmodes' employees. Docket No. 296 at 7. Specifically, Abiomed's production contains no documentation concerning the initial solicitation and interviewing of Dr. Fiete Böhning, Dr. Sasha Groß-Hardt, and Dr. Deepanshu Sodhani. Id. Abiomed again argues that the search terms that the Defendants have proposed are overly broad and likely to result in a significant number of non-responsive documents. Docket No. 300-1 at 13-14. Nevertheless, at oral argument, Abiomed's counsel stated that they would be willing to run Defendants' search

4

terms for the period January 1, 2022 through June 30, 2022.  See also Docket No. 296 at 8.  Therefore, I order Abiomed to run this limited search and produce responsive documents, if any.

In addition, Defendants state that documents produced in discovery as well as deposition testimony show that employees Fiete Böhning and Sasha Groß-Hardt attended a last minute meeting at Abiomed's facility in May 2022 and that notes of the meeting should have been created.  Docket No. 296 at 11.  Though Abiomed notes that the Defendants did not confer on this issue prior to filing the motion, Docket No. 300-1 at 11, they expressed willingness to search for and produce any such notes.  Accordingly, I also order Abiomed to search for and produce any such notes.

III.   ORDER

For the foregoing reasons, this Court grants the motion to the extent that it orders Abiomed to (1) run Defendants' search terms for the employee requests for the period January 1, 2022 through June 30, 2022 and produce responsive documents, if any; and (2) search for and produce any notes related to the May 2022 meeting.  Any such documents shall be produced within two weeks.  The motion is otherwise denied.

        /s/ Jennifer C. Boal
        JENNIFER C. BOAL
        U.S. MAGISTRATE JUDGE